UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF FLORIDA

ORLANDO DIVISION

DAVID TOM,

    Plaintiff,

v.

KLOZE MORTGAGE CORP dba KLOZE

AND

JUSTIN STOLTZ, Individually

AND

RICHARD LUZZI, Individually

    Defendants.

Case No.: 6:22-cv-2218-PGB-EJK

## COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff, DAVID TOM (hereafter "Tom"), files this complaint against Defendants, KLOZE MORTGAGE CORP, a Florida For Profit Corporation doing business as "KLOZE" (hereafter "Kloze") and Justin Stoltz, individually (hereafter "Stoltz") and Richard Luzzi, individually (hereafter, "Luzzi") and alleges as follows:

## NATURE OF THE CLAIMS

1. This is an action for damages, injunctive relief, and declaratory relief against Defendants to address violations of the Telephone Consumer Protection Act (hereafter TCPA), 47 U.S.C. § 227(b) and 47 U.S.C. § 227(c)(5), and its implementing regulations, 47 C.F.R § 64.1200 a federal law as well as violations of Florida Statutes § 501.059, the Florida

- 1 -

Telephone Solicitation Act (hereafter FTSA) as amended by Senate Bill No. 1120 (effective July 1, 2021) via supplemental jurisdiction pursuant to 28 U.S.C. § 1367.

**JURISDICTION AND THE PARTIES**

2. Jurisdiction in this Court is proper as Tom is bringing this action pursuant to 28 U.S.C. § 1331 because the Telephone Consumer Protection Act (TCPA) is a federal consumer protection law, thereby raising a federal question over which this Court possesses original jurisdiction pursuant to 47 U.S.C. § 227(b)(3) and (c)(3) which reads:

> *(3) PRIVATE RIGHT OF ACTION. —A person or entity may, if otherwise permitted by the laws or rules of court of a State, bring in an appropriate court of that State— (A) an action based on a violation of this subsection or the regulations prescribed under this subsection to enjoin such violation, (B) an action to recover for actual monetary loss from such a violation, or to receive $500 in damages for each such violation, whichever is greater, or (C) both such actions. If the court finds that the defendant willfully or knowingly violated this subsection or the regulations prescribed under this subsection, the court may, in its discretion, increase the amount of the award to an amount equal to not more than 3 times the amount available under subparagraph (B) of this paragraph.*

Defendants are subject to personal jurisdiction in Florida because this suit arises out of and relates to Defendant's contacts with this state. Defendant made or caused to be made telephonic sales calls and text messages into Florida without the requisite prior express written consent in violation of the TCPA and FTSA. Plaintiff received such calls while residing in and physically present in Florida.

Plaintiff requests supplemental jurisdiction pursuant to U.S.C. § 1367 pertaining to FTSA claims in the State of Florida.

## VENUE

3.   Venue is proper in the U.S. District Court in the Middle District of Florida because all of the unlawful telephonic calls and text messages in dispute were received by the Plaintiff in Brevard County, Florida, which is within the Middle District. This Court has federal question jurisdiction pursuant to 28 U.S.C. § 1331 and 47 U.S.C. § 227 et seq. Venue is proper pursuant to 28 U.S.C. § 1391(b) because the TCPA violative conduct to Plaintiff was occurred within this District.

## THE PARTIES

4.   At all times material hereto, Tom is a resident of the State of Florida, is and was a resident of Brevard County, Florida.

## STATEMENT OF FACTS

5.   Tom maintains a telephone number registered on the Federal do not call list database since June 28, 2003 **(Attached as Plaintiff's Exhibit "A")**. The State of Florida does not maintain a publicly accessible system for verification of date of registration of phone numbers on the Florida Do Not Call List that emails a verification of registration. Instead, a true and correct copy of a verified registration query from the Florida Department of Agriculture and Consumer Services registry effective January 2014 is attached hereto and incorporated herein by reference as 2003 **(Attached as Plaintiff's Exhibit "B")**. Tom is and at all times relevant hereto, was an individual and a "called party" as defined by Fla. Stat. §

501.059(1)(a) in that he was the regular user of the telephone number that received Defendant's telephonic sales calls.

6. Tom has received multiple unsolicited phone calls from varying parties in the real estate industry, namely offers to refinance, etc. owing to the booming residential real estate market over the past several years, all to the annoyance of Tom.

7. In 1992, New Line Cinema produced a film titled "Glengarry Glen Ross" whereupon an entire office full of real estate salespeople resorted to lies, high pressure sales techniques, and illegal means to get folks to sign on the dotted line to buy real estate.

8. It appears that the only thing that has changed since 1992 is that the lies and high-pressure sales techniques and illegal means are now being used refinance homes, and not just sell them.

9. Defendant Kloze is, and at all times relevant hereto was, a domestic for-profit corporation and a "telephone solicitor" as defined by Fla. Stat. § 501.059(f) and maintains its primary place of business and headquarters at 2455 E. Sunrise Blvd #PH-1 Fort Lauderdale, FL 33304. Defendant Stoltz is and at all times relevant hereto, a principal director of Defendant Kloze and a "telephone solicitor" as defined by Fla. Stat. § 501.059(f). Defendant Stoltz maintains an address at 2541 NE 35 DR FORT LAUDERDALE, FL 33308-6345. Defendant Luzzi is and at all times relevant hereto, a sales director and licensed mortgage lender with Defendant Kloze and a "telephone solicitor" as defined by Fla. Stat. § 501.059(f). Defendant Luzzi maintains an address at 2415 RIVERLANE TER FORT LAUDERDALE, FL 33312. All Defendants direct, market, and provide real estate services throughout Brevard County and the State of Florida.

10. Tom received a no ring voicemail automated prerecorded message on his cellular telephone from a party only identified as "Brian" asking about interest in refinancing real estate. This case involves a campaign by Kloze, who hired a third-party marketing agent to market mortgage services through unsolicited pre-recorded telemarketing calls without the prior express consent of the call recipients. Plaintiff received such a call and because these calls were transmitted using technology capable of generating thousands of similar calls per day, in an automated manner.

11. This call did not identify a true first and last name, the company associated with the call, and the call displayed a spoofed number when Tom made a call back to investigate the calling party. The failure to identify a true first and last name and use of a spoofed number is unlawful under FTSA as amended July 1, 2021.

12. Tom was prompted via the automated system to leave callback information and did so, in an effort to investigate the background of the calling party. No further relevant information disclosing the identity of the calling party was presented to Tom.

13. Shortly thereafter, Tom received a call from "Rich at Kloze" offering refinancing services on May 2, 2022.

14. This call was also unlawful as Kloze did not have prior express written consent to call Tom, or a prior business relationship. In order to further investigate the situation, Tom requested an email with their information be sent to him, which Kloze and Luzzi provided on May 2, 2022.

15. An advertisement for mortgage rates as low as 5.375% followed via email. **(Attached as Plaintiff's Exhibit "C").**

16. On 11 July 2022, Tom sent a letter to Kloze via USPS Certified Mail, 7021 2720 0003 4070 4838 requesting that they investigate the source of their lead and to provide their Do Not Call Policy, as required under 47 C.F.R. § 64.1200(d) **(Attached as Plaintiff's Exhibit "D")**.

17. Tom did not receive any response to this letter, which was delivered 18 July 2022 at 1054AM from Kloze, Stoltz, or Luzzi.

18. Tom called Stoltz and explained that the lead generation/marketing strategies that Kloze is using are in violation of TCPA and FTSA and that a letter was sent to Kloze requesting their Do Not Call Policy and to the source of their lead. Stoltz denied any such liability and told Tom the marketing company was responsible for the call. Tom was then called by the marketing company, who denied all liability and invited Tom to sue Kloze if he was not satisfied with the response.

19. With an exciting response such as that, Tom has no opposition to such a proposal.

20. Tom has exhaustively researched no ring voicemail marketing and has discovered that the prerecorded message that Tom received on his cellular phone reads as follows:

> *This is Brian, I know you get a ton of these calls but I have in my record here that we had spoken before about your mortgage and I wanted to reach out again we have the absolute lowest interest rates in the country we can beat anyone out there so we can definitely improve your mortgage payment we can even help people who have no documentable income and who have less than perfect credit. I'd really really love to talk with you as soon as possible and save you as much money as we can give me a call.*

22. Tom has never spoken to "Brian" about a mortgage and has researched the issue and apparently a marketing company from California called "Blitz Services" engages in such activities, as described in the case of *Scofield v Step Up Mortgage LLC and Blitz Services, LLC* in the US District Court for the Eastern District of Michigan, Case 4:22-cv-10384-JEL-JJCG.

23. The similarities of this case and *Scofield* are simply not a coincidence. Tom receiving a no ring voicemail call from an automated system playing a prerecorded message asking Tom about mortgage refinancing is in violation of both TCPA and FTSA.

24. Both Stoltz and Luzzi are personally liable under the "participation theory" of liability because both had direct, personal participation in the conduct that violated TCPA and FTSA and knowingly authorized such conduct. See, e.g., *Physicians Healthsource, Inc. v Doctor Diabetic Supply, LLC*, No. 12-22330-CIV, 2015 WL 3644598, at *3 (S.D. Fla. June 10, 2015).

25. All defendants failed to provide their do not call policy, upon demand in violation of 47 C.F.R. § 64.1200(d).

## COUNT I - TCPA VIOLATIONS

26. Plaintiff re-alleges and re-adopts paragraphs 1 through 25 of this Complaint as if fully set forth herein.

27. The foregoing actions of Defendants constitute illegal action against Plaintiff in violation of TCPA. Tom as of July 28, 2003, is protected under the laws of the TCPA.

28  Plaintiff was injured due to each Defendant violating TCPA.

29. Plaintiff is entitled to legal and injunctive relief as a result of all Defendants actions.

**WHEREFORE,** Plaintiff requests:

(A) An injunction restraining continued violation of TCPA;

(B) Compensatory damages allowable at law from each Defendant, in the amount of $500 against both Kloze, Stoltz and Luzzi for each call made to Tom;

(C) A finding that calls and no ring voicemails were both knowing and willful violations and treble damages are warranted under TCPA, in the amount of $1500 each call and text against each Defendant;

(D) A finding that two instances of failure to provide Do Not Call Policy upon demand constitute knowing and willful violations under TCPA, in the amount of $1500 each for each failure to provide a Do Not Call Policy upon demand against each Defendant;

(E) Prejudgment interest on all monetary recovery obtained;

(F) All filing costs and attorney fees incurred in prosecuting these claims; and

(G) For such further relief as the Court deems just and equitable.

## COUNT II - FTSA VIOLATIONS

30. Plaintiff re-alleges and re-adopts paragraphs 1 through 25 of this Complaint as if fully set forth herein.

31. The foregoing actions of Defendants constitute illegal action against Plaintiff in violation of FTSA. Tom as of July 1, 2021, is protected under the laws of the FTSA.

32. Plaintiff was injured due to Defendant's violation of FTSA.

33. Plaintiff is entitled to legal and injunctive relief as a result of Defendants actions.

**WHEREFORE,** Plaintiff requests:

(A) An injunction restraining continued violation of FTSA;

(B) Compensatory damages allowable at law from each Defendant, in the amount of $500 for each call and no ring voicemail;

(C) A finding that all calls and no ring voicemails were both knowing and willful and warrant treble damages under FTSA, in the amount of $1500 each call and text message against all Defendants;

(D) A finding that a failure to identify a true first and last name on calls and no ring voicemails were both knowing and willful and warrant treble damages under FTSA in the amount of $1500 each call and text message against both all Defendants;

(E) Prejudgment interest on all monetary recovery obtained;

(F) All filing costs and attorney fees incurred in prosecuting these claims; and

(G) For such further relief as the Court deems just and equitable.

## SUMMARY OF DAMAGES SOUGHT FROM DEFENDANTS

30. TCPA – 4/26/22 No ring Voicemail, $1500 from each.

    TCPA – Follow up Phone Call on 5/2/2022, $1500 from each.

    TCPA - Failure to provide DNC policy upon demand, 18 July, $1500 from each.

    TCPA - Failure to provide DNC policy upon demand, August, $1500 from each.

    FTSA - 4/26/22 No ring Voicemail, $1500, from each.

    FTSA - 4/26/22 Voicemail with no true first and last name, $1500, from each.

    FTSA - 4/26/22 Voicemail, with no true company name, $1500, from each.

    FTSA - 4/26/22 Voicemail, with use of a spoofed number, $1500, from each.

FTSA - Follow up Phone Call on 5/2/2022, $1500 from each.

Total:

$13,500 Defendant Kloze.

$13,500 Defendant Stoltz.

$13,500 Defendant Luzzi.

Total Statutory Damages: $40,500

## DEMAND FOR A JURY TRIAL

Plaintiff hereby requests a jury trial on all issues so triable.

Dated: November 30, 2022,                    Respectfully Submitted,

David Tom
Plaintiff, Pro Se
1058 Herne Ave
Palm Bay, FL 32907
321-917-0760
321-725-9212
david.m.tom@gmail.com